UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL CLARK,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>KEVIN CHAPPELL, Acting Warden<br>of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 1:12-CV-00803-LJO-P<br><br>DEATH PENALTY CASE<br><br>Order Following Phase I Case<br>Management Conference |

　　　　This matter came on for a Phase I Case Management Conference ("CMC") July 12, 2012, at 8:30 a.m., in the above entitled court, the Honorable Lawrence J. O'Neill, presiding. Petitioner Royal Clark ("Clark") was represented by CJA counsel Wesley A. Van Winkle. Respondent Kevin Chappell (the "Warden") was represented by Deputy Attorney General William K. Kim. Both counsel appeared telephonically.

　　　　In the June 20, 2012 order appointing counsel and initiating case management procedures, counsel for both parties were directed to: familiarize themselves with the Guide to Case Management and Budgeting in Capital Habeas Cases, Eastern District of California, Fresno Division (the "Fresno Attorney Guide"); complete a Case Evaluation Form (Appendix B to the Fresno

Attorney Guide); and be prepared to discuss the statute of limitations, the filing of the federal petition, and the lodging of the state record.

At the CMC, discussion focused on the statute of limitations, the filing of Clark's federal petition, and the Warden's lodging of the state record. Clark's conviction and sentence were affirmed on direct appeal by the California Supreme Court August 29, 2011. *See People v. Clark*, 52 Cal. 4th 856 (2011). Clark's state habeas petition was summarily denied January 20, 2012, and his petition for certiorari was denied by the United States Supreme Court on March 19, 2012. Based on these facts, and with the agreement of the parties, the Court finds that the statute of limitations in this case expires March 19, 2013.

Clark's counsel believe they will be able to investigate and develop a complete federal petition, including any newly discovered, unexhausted claims, before the limitations period expires, and agree to file Clark's federal petition on or before March 18, 2013. Any second state petition on Clark's behalf presenting unexhausted claims to the California Supreme Court also should be filed on or before March 18, 2013. Counsel for Clark does not at this point indicate that a request for equitable tolling will be needed.

Although Phases I and II of capital habeas litigation overlap, particularly in regards to record review, Clark's counsel project they will be able to complete the assembly of the record and identify the issues requiring additional investigation in Phase II within four months, and propose to end Phase I by October 12, 2012. This amounts to approximately 16 weeks after the appointment of counsel. Beginning in October, they will focus on preparing the federal petition while still conducting significant record review.

Counsel for the Warden represented he will be able to lodge the state record within the time prescribed by Local Rule 191(h)(1), that is, on or before

August 3, 2012. At the culmination of the CMC, Mr. Kim was excused and further proceedings were conducted ex parte with Mr. Van Winkle about budgeting and litigation tasks. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications require a showing of the need for confidenitality. Since budget applications require disclosure of matters protected by the attorney-client and/or work product privilges, the need for confidentiality is inherent in the budgeting process. *See* Fed. R. Civ. P. 26(b)(3). An order filed concurrently, under seal, documents the results of the ex parte proceedings authorizing a Phase I Budget for this case.

Clark's counsel are directed to submit their declaration for the Phase II Case Management and Budget Plan under seal by October 5, 2012. The Phase II CMC will be conducted telephonically at 8:15 a.m., on Friday, October 12, 2012. Counsel for Clark shall arrange for and initiate the call. Counsel for the Warden will be excused from attendance at the Phase II CMC should no case management issues develop, and only budgeting issues need to be discussed.

IT IS SO ORDERED.

DATED:     July 12, 2012

                                              /s/ Lawrence J. O'Neill
                                              United States District Judge