UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>CHANCE ANDES, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No.  1:12-cv-00803-NODJ<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) GRANTING MOTION TO WITHDRAW BY CO-COUNSEL WESLEY A. VAN WINKLE, and (2) REFERRING CASE TO THE SELECTION BOARD FOR RECOMMENDATION OF REPLACEMENT COUNSEL |

On January 16, 2024, Wesley A. Van Winkle, appointed as co-counsel pursuant to the Criminal Justice Act to represent Petitioner in this 28 U.S.C. § 2254 habeas corpus proceeding, moved to withdraw from the case for age and health-related reasons. (Doc. 76 at 1, citing 18 U.S.C. § 3006A(c).[2])  Mr. Van Winkle represents that Petitioner has been informed of his medical condition and need to retire. *(Id.* at 3.)  Mr. Van Winkle states his belief that Petitioner understands and has no objection to withdrawal. (*Id.*)

---

[1] Chance Andes, acting warden of San Quentin Rehabilitation Center since December 2023, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

[2] All references to pagination are to CM/ECF system pagination.

1

1    The Court, having reviewed the motion, the record, and the applicable law finds the
2 matter amenable to decision without a hearing.

3                                    BACKGROUND

4    The facts of this case, as reflected in the Court's docket, are summarized below.

5    The capital crime occurred on January 26, 1991.

6    On January 4, 1994, in Fresno County, California, a jury found Petitioner guilty of the
7 murder of Laurie Farkas and other related offenses, and also found true various sentence
8 enhancements and special circumstance allegations.  Fresno County Superior Court Case No.
9 F-91-446252-9.

10    The penalty phase trial commenced on October 25, 1994.  On November 29, 1994, the
11 jury returned a death sentence.  Petitioner's motions to reduce the penalty to life without the
12 possibility of parole and for new guilt and penalty phase trials were heard and denied.

13    Thereafter, the trial court imposed the death judgment for the murder count and special
14 circumstance.  On the remaining counts and enhancements, the trial court imposed unstayed,
15 consecutive determinate sentences totaling 15 years.

16    On June 18, 1997, Petitioner filed the opening brief in his automatic direct appeal in the
17 California Supreme Court.  *People v. Clark*, S045078.

18    On April 19, 2006, Petitioner filed a first state habeas corpus petition in the California
19 Supreme Court.  *In re Clark on Habeas Corpus*, Case No. S142741.

20    On August 29, 2011, the California Supreme Court affirmed the judgment in its opinion
21 on direct appeal.  *People v. Clark*, 52 Cal.4th 856 (2011).  The United States Supreme Court
22 denied *certiorari* on March 19, 2012.  132 S. Ct. 1757.

23    On January 11, 2012, the California Supreme Court summarily denied Petitioner's first
24 state habeas corpus petition.  *In re Clark on Habeas Corpus*, Case No. S142741.

25    Petitioner commenced this 28 U.S.C. § 2254 habeas corpus proceeding on May 16,
26 2012.

27 /////

28 /////

On June 20, 2012, this Court appointed the Office of the Federal Defender, represented by Assistant Federal Defender David Harshaw, and CJA counsel Wesley A. Van Winkle, as co-counsel to represent Petitioner in the case.

On March 18, 2013, Petitioner, through counsel, filed a federal habeas petition raising 39 claims.

On August 21, 2013, the Court ordered the case stayed and held in abeyance of claim exhaustion proceedings in state court.

On October 18, 2013, counsel for Petitioner filed his second state (exhaustion) petition in the California Supreme Court. *Clark on H.C.*, Case No. S214078.

On May 22, 2019, the California Supreme Court transferred the case to the Fresno County Superior Court and it remains pending there. *Id.*

DISCUSSION

As noted, Mr. Van Winkle avers that his age and health conditions make it difficult for him competently to represent his capital clients, and that he is retiring from the practice of law. (Doc. 76 at 3.)

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the Court upon motion noticed to the client and all parties, in conformity with the requirements of the California Rules of Professional Conduct. E.D. Cal. L.R. 182(d). In such a case, the decision to grant or deny counsel's motion to withdraw is committed to the Court's discretion upon consideration of the reasons for withdrawal, potential delay in resolution of the case, and potential prejudice to the litigants and the administration of justice. *See Copeland v. Challenge Sec. Servs., Inc.*, Case No. 218CV01435TLNCKD, 2020 WL 315997, at *1 (E.D. Cal. Jan. 21, 2020).

Federal courts often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (citing *Denney v. City of Berkeley,* No. C 02–5935 JL, 2004 WL 2648293, at *2-*3 (N.D. Cal. Nov.18, 2004)) (looking to the California Code of Professional Conduct when determining counsel's motion to

withdraw); *see also* CA ST RPC Rule 1.16 (b)(6) (a lawyer may withdraw from representing a client if "[T]he client knowingly and freely assents to termination of the representation[.]"); CA ST RPC Rule 1.16 (b)(8) (a lawyer may withdraw from the representation of a client if "[T]he lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively[.]"); CA ST RPC Rule 1.16(b)(10) (a lawyer may withdraw from representing a client if "[T]he lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find existence of other good cause for withdrawal[.]").

Here, the Court finds good cause to grant Mr. Van Winkle's request to be relieved as co-counsel on the stated grounds, supported by his belief that Petitioner has consented thereto. Nothing before the Court suggests that Petitioner will suffer delay or prejudice by virtue of Mr. Van Winkle's withdrawal.  Notably, co-counsel Assistant Federal Defender David Harshaw continues to represent Petitioner in the case, which presently is stayed pending ongoing claim exhaustion in state court.

The Court observes that in this district, the Selection Board for the Eastern District of California, as appointing authority, makes all recommendations for appointment of counsel in capital § 2254 matters.  *See* E.D. Cal. General Order 671; E.D. Cal. L. R. 191(c).

ACCORDINGLY:

1. The motion to withdraw by appointed co-counsel Wesley A. Van Winkle (Doc. 76) is GRANTED.

2. This matter is REFERRED to the Selection Board for their recommendation of replacement counsel.  The Selection Board, through Assistant Federal Defender David Harshaw shall submit the Board's recommendation of counsel to the Court under seal by emailing it to ApprovedSealed@caed.uscourts.gov, promptly upon issuance.

3. The Clerk of the Court is directed to SERVE this order upon: (i) counsel for the parties, (ii) the Selection Board, through David Harshaw, Assistant Federal Defender, 801 I Street, Third Floor, Sacramento, CA 95814, david_harshaw@fd.org, and (iii) Connie Garcia, CJA Panel Administrator,

4

Federal Defender's Office, 2300 Tulare Street, Suite 330, Fresno, CA 93721, Connie_Garcia@fd.org.

4. Counsel for Petitioner shall PROVIDE him with a copy of this order.

DATED: January 24, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE